UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROTTEN RECORDS, INC.,

                              Plaintiff,

v.

JOHN DOE subscribed assigned
IP address 67.253.216.226,

                              Defendant.

Case # 15-CV-6650-FPG

DECISION AND ORDER

Plaintiff Rotten Records, Inc. ("Plaintiff") has filed a Complaint against Defendant John Doe ("Doe"), alleging that Doe illegally distributed copyrighted work that Plaintiff owned.  ECF No. 1.  Plaintiff filed an *ex parte* motion for leave to serve a third party subpoena before the Fed. R. Civ. P. 26(f) Conference.  ECF No. 3.  More specifically, Plaintiff seeks to subpoena Time Warner Cable, an internet service provider ("ISP") that maintains Doe's IP address, in order to properly identify and serve Doe with the Summons and Complaint.  Plaintiff also seeks an extension under Fed. R. Civ. P. 4(m) of the time period to serve Doe with the Summons and Complaint. ECF No. 4.  For the following reasons, Plaintiff's motions are both GRANTED.

## DISCUSSION

Fed. R. Civ. P. 26(d)(1) provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  However, the rule also allows district courts to permit discovery before the Rule 26(f) conference upon a showing of good cause.  *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (Lynch, J.).  In determining whether good cause exists to direct an ISP to disclose identifying information regarding a subscriber, the Court considers five factors:  "(1) a concrete showing of a *prima facie* claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information

to advance the claim; and (5) the party's expectation of privacy." *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004) (Chin, J.) (internal citations omitted).

The Court finds that all of these factors are satisfied.  For purposes of this application, the Court accepts Plaintiff's allegations in the Complaint as true.  The Complaint alleges that Plaintiff owns the copyright to the Dog Fashion Disco albums "Experiments in Alchemy," "The Embryo's in Bloom," and "Adultery" ("Albums").  ECF No. 1 at 3, Ex. A.  Plaintiff hired Rightscorp, a company that specializes in detecting infringement, to detect potential copyright infringement.  *Id.* at 4.  Utilizing the popular file sharing software BitTorrent, Rightscorp most recently downloaded copies of the Albums from Doe's IP address of 67.253.216.226 on October 2, 2015.  ECF No. 1 at 3, Ex. A.  The downloaded and copyrighted Albums are identical, and Plaintiff did not consent to Doe's distribution of the Albums.  *Id.*, at 5-6.  The facts concretely demonstrate a *prima facie* case of copyright infringement.

Plaintiff's subpoena request is also sufficiently specific.  Plaintiff is only seeking Doe's identity as the individual assigned to IP address 67.253.216.226 and for the limited purpose of allowing Plaintiff to serve the Summons and Complaint upon Doe.

Under the circumstances, there does not appear to be a reasonable alternative means to obtain Doe's identity.  Plaintiff alleges that Rightscorp sent Doe 481 notices through Doe's ISP from September 6, 2015 to October 2, 2015 demanding that Doe stop distributing Plaintiff's copyrighted work, but Doe ignored each notice.  *Id.*  As other courts have noted, "absent a Court-ordered subpoena, many of the ISPs who qualify as 'cable operators' for purposes of 47 U.S.C. § 522(5) are effectively prohibited by 47 U.S.C. § 551(c) from disclosing the identities of [Defendant] to Plaintiff."  *Digital Sin, Inc. v. Does 1-179*, No. 11 Civ. 8172(PAE), 2012 WL 8282825, at *3 (S.D.N.Y. Feb. 1, 2012).  In other words, without issuing the requested subpoena,

the Plaintiff is prohibited from learning Doe's identity, and without Doe's identity, this case cannot proceed.

Finally, Plaintiff's interest in determining Doe's identity outweighs Does' interest in protecting his privacy.  Plaintiff's allegations establish that Doe is an online user of file sharing software to distribute copyrighted music.  Doe's potential desire to avoid this litigation is insufficient to create a privacy interest that would outweigh Plaintiff's in this circumstance.  *See Artisa Records LLC v. Doe,* 604 F.3d 110, 124 (2d Cir. 2010).

For all of these reasons, good cause exists for limited discovery before the Rule 26 conference, and Plaintiff may serve a subpoena on Doe's ISP to ascertain Doe's name and address for the purpose of identifying Doe in this litigation, and to then serve the Summons and Complaint upon Doe.

Plaintiff also seeks an extension of time under Fed. R. Civ. P. 4(m) to effect service on Doe.  Plaintiff's inability to identify Doe constitutes "good cause" under Rule 4(m) for the requested extension, and Plaintiff shall have until December 23, 2016 to serve the Summons and Complaint upon Doe.

<u>CONCLUSION</u>

Plaintiff's motion to serve a third party subpoena (ECF No. 3) is GRANTED.  Plaintiff may serve Doe's ISP with a Rule 45 subpoena that commands the ISP to provide the name and address of Doe as the individual assigned IP address 67.253.216.226.  A copy of this Order shall be provided to the ISP along with the subpoena.  Further, if the ISP is a "cable operator" under 47 U.S.C. § 522(5), the ISP shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order and the subpoena to Doe.  Plaintiff may use any information obtained from the ISP through the subpoena only for the purpose of identifying and serving Doe in this action, and to litigate Plaintiff's claims in this action against Doe.

Plaintiff's Motion for an extension of time under Fed. R. Civ. P. 4(m) (ECF No. 4) is also

GRANTED, and Plaintiff may have until December 23, 2016 to serve Doe with the Summons

and Complaint.

IT IS SO ORDERED.

Dated:      September 27, 2016
             Rochester, New York

_____

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court